UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY BECK,<br><br>   Plaintiff,<br><br>  v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>   Defendants. | Case No. 18-CV-07682-LHK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 9 |

Plaintiff Jeffrey Beck ("Plaintiff") brings this lawsuit against Defendants Ford Motor Company ("Ford") and Vista Ford Lincoln of Oxnard ("Vista") for claims arising from Ford's sale of an allegedly defective vehicle. Before the Court is Plaintiff's motion to remand. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion to remand.

**I. BACKGROUND**

 **A. Factual Background**

Plaintiff is a resident of Ventura County, California. ECF No. 1-2 ("Compl."), at ¶ 2. Defendant Ford designs, manufactures, and sells automobiles, and is a Delaware corporation operating in California. *Id.* at ¶ 4. Defendant Vista sells, services, and repairs automobiles in

1

Case No. 18-CV-07682-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1  Ventura County, California. *Id.* at ¶ 5.

2  Plaintiff alleges that on or about August 4, 2013, Plaintiff purchased a 2013 Ford Fusion vehicle ("Vehicle") "manufactured and or distributed by Defendant Ford." *Id.* at ¶ 7. Plaintiff purchased the Vehicle from Defendant Vista for $26,516.05. ECF No. 12-2, Ex. A. When Plaintiff purchased the Vehicle, Defendant Ford provided Plaintiff with express written warranties including a "3 year/36,000 miles bumper to bumper warranty and a 5 year/60,000 miles powertrain warranty, which covers the engine and transmission." Compl. at ¶ 8.

Those warranties provided that if "a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired." *Id.* Plaintiff alleges that during the warranty period, the Vehicle developed defects related to the Vehicle's powertrain, transmission, shift system, electrical system, gears, climate control system, clutches, and many other components of the Vehicle. *Id.* at ¶ 9. However, "Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." *Id.* at ¶ 11.

Plaintiff alleges that when Plaintiff presented the Vehicle to Defendant Ford's representative, "Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days." *Id.* at ¶ 17.

**B. Procedural History**

On November 8, 2018, Plaintiff filed his complaint against Defendants in California Superior Court for the County of Santa Clara. Compl. at 1. On November 26, 2018, Plaintiff served the complaint on Defendants. ECF No. 1 at 2.

Plaintiff's complaint includes five causes of action: (1) violation of California Civil Code § 1793.2(d) against Defendant Ford, Compl. at ¶¶ 7−15; (2) violation of California Civil Code § 1793.2(b) against Defendant Ford, *id.* at ¶¶ 16–20; (3) violation of California Civil Code § 1793.2(a)(3) against Defendant Ford, *id.* at ¶¶ 21−23; (4) breach of express written warranty in

2
Case No. 18-CV-07682-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1 violation of California Civil Code §§ 1791.2(a), 1794 against Defendant Ford, *id.* at ¶¶ 24–27; and (5) breach of the implied warranty of merchantability in violation of California Civil Code §§ 1791.1, 1794 against Defendant Ford and Defendant Vista. *Id.* at ¶¶ 28–32.

On December 21, 2018, Defendants removed Plaintiff's complaint to federal court. ECF No. 1. Defendants' notice of removal states that the Court has diversity jurisdiction over Plaintiff's complaint. *Id.* at 1. Although Plaintiff and Defendant Vista are both citizens of California, Defendants state that Plaintiff fraudulently joined Defendant Vista, such that diversity jurisdiction is not defeated. *Id.* at 5–7.

On January 22, 2019, Plaintiff filed the instant motion to remand. ECF No. 9 ("Mot."). Plaintiff also filed a concurrent request for judicial notice, although Plaintiff attached no document to Plaintiff's request for judicial notice. ECF No. 9-5. The Court thus denies as moot Plaintiff's request for judicial notice. On February 5, 2019, Defendants filed their opposition, ECF No. 12 ("Opp."), and on February 12, 2019, Plaintiff filed his reply. ECF No. 13 ("Reply").

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

For federal subject matter jurisdiction to exist, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Wayne v. DHL*

3

1  *Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002). For the Court to have federal

2  question jurisdiction, the complaint must arise under federal law. 28 U.S.C. § 1331. Generally

3  speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded

4  complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th

5  Cir. 1989).

6  Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions

7  "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . .

8  citizens of different States." 28 U.S.C. § 1332. The statute "applies only to cases in which the

9  citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v.*

10  *Lewis*, 519 U.S. 61, 68 (1996).

11  **III.  DISCUSSION**

12  Plaintiff's motion to remand argues that the Court lacks diversity jurisdiction over

13  Plaintiff's complaint because Plaintiff and Defendant Vista are both citizens of California. Mot. at

14  3. Defendants argue that the Court has diversity jurisdiction because Plaintiff fraudulently joined

15  Defendant Vista. Opp. at 3. For the reasons explained below, the Court agrees with Plaintiff.

16  For the Court to have diversity jurisdiction, complete diversity of parties is required: "[I]n

17  a case with multiple plaintiffs and multiple defendants, the presence in the action of a single

18  plaintiff from the same State as a single defendant deprives the district court of original diversity

19  jurisdiction over the entire action." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006)

20  (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). However,

21  fraudulently joined defendants who destroy diversity do not defeat removal. *McCabe v. Gen.*

22  *Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

23  As this Court has previously explained, "[t]here is a 'general presumption against

24  fraudulent joinder' and the defendant's burden of demonstrating that a joinder is fraudulent is a

25  'heavy' one." *Beutel v. Wells Fargo Bank N.A.*, 2018 WL 3084660, at *2 (N.D. Cal. Jun. 22,

26  2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). Joinder is

27  fraudulent only when it is "obvious according to the settled rules of the state that [a plaintiff] has

28

4

Case No. 18-CV-07682-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

failed to state a claim against [a joined defendant]." *Hunter*, 582 F.3d at 1046.

This standard imposes a very high bar on removing defendants. The Ninth Circuit has repeatedly held that "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (emphasis in original) (citations and quotation marks omitted); *see also Warner v. Select Portfolio Serv.*, 193 F. Supp. 3d 1132, 1137 (C.D. Cal. 2016) (stating that defendants face an "immense burden" in proving fraudulent joinder). To resolve fraudulent joinder claims, the Court may look beyond the pleadings to evidence proffered by the parties. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

In this case, Plaintiff alleges against Defendant Vista a claim for violation of the implied warranty of merchantability under the Song-Beverly Act. Compl. at ¶¶ 28–32. Thus, the question is whether it is obvious under settled California law that Plaintiff cannot state an implied warranty claim against Defendant Vista. Defendants' only argument for why Plaintiff cannot state an implied warranty claim against Defendant Vista is that the statute of limitations bars Plaintiff's implied warranty claim. Opp. at 4.

However, because it is possible under California law that Plaintiff could allege tolling of the statute of limitations for his implied warranty claim, the Court concludes that Defendants have not met their heavy burden to show that Plaintiff's inclusion of Defendant Vista constitutes fraudulent joinder.

The statute of limitations for an implied warranty claim is four years from the delivery of the vehicle. Cal. Comm. Code § 2725; *see Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1306 (2009). Plaintiff alleges that Plaintiff purchased the vehicle on August 4, 2013. Compl. at ¶ 7. According to Plaintiff's purchase agreement with Defendant Vista, Plaintiff first operated the Vehicle on August 8, 2013. ECF No. 12-2, Ex. A. Thus, Defendants argue that the four-year statute of limitations expired in August 2017, over a year before Plaintiff filed his complaint on November 8, 2018. *See* Compl. at 1.

5
Case No. 18-CV-07682-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

However, as Plaintiff points out and numerous courts have recognized, it is not impossible for Plaintiff to state a viable implied warranty claim against Defendant Vista because tolling may apply.

Specifically, this Court observed in *Philips v. Ford Motor Co.*, 2016 WL 1745948 (N.D. Cal. May 3, 2016), that "[s]everal courts have determined that fraudulent concealment tolling applies to claims brought under the Song-Beverly Act." *Id.* at *14 (citing cases in both federal court and California state court). Accordingly, in cases where Defendant Ford raised the same fraudulent joinder arguments as in this case, courts have concluded that because fraudulent concealment tolling *could* apply to implied warranty claims against a dealership defendant, joinder of the dealership was not fraudulent. *See, e.g.*, *Cavale v. Ford Motor Co.*, 2018 WL 3811727, at *3 (E.D. Cal. Aug. 9, 2018) (holding that "it is possible that the statute of limitations on the breach of the implied warranty claim may be tolled under a theory of fraudulent concealment," and remanding case to state court); *Jimenez v. Ford Motor Co.*, 2018 WL 2734848, at *2 (C.D. Cal. Jun. 5, 2018) (noting that "multiple district courts" have recognized that fraudulent concealment tolling can "apply to the statute of limitations for implied warranty of merchantability claims," and remanding case to state court).

Although Plaintiff's complaint does not specify how fraudulent concealment tolling applies in Plaintiff's case, the question at this stage is not whether Plaintiff's complaint states a claim against Defendant Vista, but only whether there is a "possibility" that Plaintiff can state a claim against Defendant Vista. *See Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").

Defendants contend that Plaintiff cannot amend Plaintiff's complaint to allege fraudulent concealment tolling because Defendant Vista's internal database of warranty repairs tracks the repairs to Plaintiff's Vehicle. *See* ECF No. 12-2, Ex. B. However, Defendants' own internal database provides little information about whether Defendants concealed the facts constituting Plaintiff's claim for relief from *Plaintiff*. *See Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415–16 (9th Cir. 1987) (holding that fraudulent concealment tolling applies where the defendant's

6

1  conduct "lead[s] a reasonable person to believe that he did not have a claim for relief"). Thus, the Court cannot conclude that it is impossible for Plaintiff to allege a timely implied warranty claim. *See Grancare*, 889 F.3d at 548 (holding that joinder is not fraudulent where there is a mere "possibility" that the plaintiff can state a claim against the defendant).

Accordingly, the Court concludes that Plaintiff's inclusion of Defendant Vista was not fraudulent joinder and that diversity jurisdiction does not exist. As a result, the Court must remand the case to state court.

Alternatively, Defendants ask the Court to sever Defendant Vista from the case under Federal Rule of Civil Procedure 21, which provides that a court may sua sponte "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Sams v. Beech Aircraft*, 625 F.2d 273, 277 (9th Cir. 1980) (holding that Rule 21 "grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19").

However, the Court declines to exercise its discretion to sever Defendant Vista. Plaintiff's claims against Defendant Ford and Defendant Vista arise from the same series of transactions or occurrence. Plaintiff brings his implied warranty of merchantability claim against both Defendants. The claim involves the same Vehicle and same defects as to both Defendants, such that judicial efficiency weighs against severing Defendant Vista. Moreover, the Court has already concluded that removal was not warranted because the Court lacks diversity jurisdiction. To sever Defendant Vista for the Court to exercise diversity jurisdiction would contradict the Ninth Circuit's instruction that "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244. Thus, the Court declines to sever Defendant Vista under Rule 21.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and REMANDS the case to California Superior Court for the County of Santa Clara. The Clerk shall close the file.

7
Case No. 18-CV-07682-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**IT IS SO ORDERED.**

Dated: June 9, 2019

_____
LUCY H. KOH
United States District Judge